# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TOSHIA TUTWILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-02650-TLP-tmp |
| v. | ) |
| | ) JURY DEMAND |
| WILLIAMS SONOMA, CADANDRICE LYNN a/k/a DELLE, and PHYLIS BROWN, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tamara Brown sued pro se her employer, Williams Sonoma, and two of her coworkers, Cadandrice Lynn and Phylis Brown, about an altercation between Plaintiff and the individual Defendants. (ECF No. 1.) Plaintiff claims unlawful termination of her employment and retaliation under Title VII, 42 U.S.C. § 2000e–2000e17. (*Id.*) She also makes a claim for failure to accommodate her disability. (*Id.* at PageID 4–5.) The Magistrate Judge issued a Report and Recommendation ("R&R") under Administrative Order 2013-05 recommending that this Court dismiss this action sua sponte under 28 U.S.C. § 1915(e)(2). (ECF No. 7.) Neither Party objected to the R&R.[1] For the reasons below, this Court **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

---

[1] Objections to the R&R were due within 14 days of the R&R being entered—October 15, 2019.

## I. In Forma Pauperis Case Screening

The Court must screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant. If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ." *See* 28 U.S.C. § 1915(e)(2). As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge here recommends dismissal of the Complaint for failure to state a viable claim for relief. (ECF No. 7.)

Specifically, the Magistrate Judge found Plaintiff's claims against Defendants Brown and Lynn improper because supervisors, managers, and co-workers do not qualify as employers under Title VII. (*Id.* at PageID 23.) As for her claims against Defendant Williams Sonoma, the Magistrate Judge found Plaintiff failed to allege termination based on any class protected by Title VII or any other civil rights statute. (*Id.* at PageID 24.) And the Magistrate Judge found Plaintiff's disability claims were improper because she did not allege a disability. (*Id.* at PageID 21.) Finally, the Magistrate Judge found Plaintiff failed to allege a viable claim for retaliation because she does not claim that she acted in any manner protected by Title VII prior to the events in her Complaint. (*Id.* at PageID 24–25.)

## II. Adopting the R&R

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). When no timely objection is filed, the court need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and ADOPTS the R&R in its entirety. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

**SO ORDERED**, this 30th day of October, 2019.

s/ Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE